1  HENRY C. BUNSOW (State Bar No. 60707)
   K.T. CHERIAN (State Bar No. 133967)
2  S. CHRISTOPHER KYRIACOU (State Bar No. 215338)
   ANTHONY S. KIM (State Bar No. 225703)
3  HOWREY LLP
   525 Market Street, Suite 3600
4  San Francisco, California 94105
   Telephone:   (415) 848-4900
5  Facsimile:    (415) 848-4999

6  Attorneys for Plaintiff
   FOUNDRY NETWORKS, INC.
7
   Joshua D. Lichtman (State Bar No. 176143)
8  Adam P. Zaffos (State Bar No. 217669)
   FULBRIGHT & JAWORSKI, LLP
9  555 South Flower Street, Forty-First Floor
   Los Angeles, California 90071
10 Telephone: (213) 892-9200
   Facsimile: (213) 892-9494
11
   Attorneys for Third Party
12 AUDIOCODES, INC.

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 FOUNDRY NETWORKS, INC.,                Case No. C 06-MC-80088-CRB (EDL)

19            Plaintiff/Counterclaim Defendant,

20     v.                                 [~~PROPOSED~~] ORDER RE: PLAINTIFF
                                          FOUNDRY NETWORKS, INC.'S
21 LUCENT TECHNOLOGIES INC.,              EMERGENCY MOTION TO COMPEL
                                          DISCOVERY FROM THIRD PARTY
22            Defendant/Counterclaim Plaintiff.   AUDIOCODES, INC [AS MODIFIED]

23

24         Before the Court is Plaintiff Foundry Networks, Inc.'s Motion to Compel Discovery From

25 Third Party AudioCodes, Inc. ("AudioCodes") [Dkt. # 1].  It is hereby ORDERED that:

26         1.       AudioCodes shall produce, subject to the Protective Order entered by the Court in the

27 Eastern District of Texas, Marshall Division, non-privileged documents (if any) responsive to each

28

1   request for production set forth in Foundry's subpoena to AudioCodes, dated February 15, 2005

2   ("Subpoena"), subject to the following provisions:

3       a)    AudioCodes shall produce both non-privileged responsive documents that it does not

4             dispute are in its possession, custody, or control, and non-privileged responsive

5             documents in the possession, custody, or control of AudioCodes, Ltd. that are

6             reasonably available to AudioCodes in the ordinary course of its business.

7       b)    AudioCodes may fulfill its obligations with respect to the production of financial

8             documents by producing financial summaries, in electronic format or a printout

9             thereof, disclosing sales of AudioCodes Media Gateways (as defined in paragraph 4

10            of the Definitions to the Subpoena) to Lucent Technologies, Inc. ("Lucent").  In the

11            event the production is deemed inadequate, the parties shall promptly meet and

12            confer in a good faith effort to resolve the issue.

13      c)    The production of documents relating to communications protocols, responsive to

14            Request for Production No. 5, shall be limited to the implementation of those

15            protocols in AudioCodes Media Gateways.

16      d)    The production of documents responsive to Request for Production No. 7 shall be

17            limited to documents dated no earlier than January 1, 2003, and shall include all

18            communications by and between Lucent and the following AudioCodes personnel:

19            Isabella Chan, Burce Cutting, John Vasquez, Neil Blumenthal, and John

20            D'Annunzio.  AudioCodes' obligation to search for responsive documents is limited

21            to systems reasonably accessible at this time, *i.e.*, AudioCodes need not restore

22            backup tapes in the event that it does not maintain live systems recording

23            communications as far back as January 1, 2003.  If responsive documents dated on or

24            after January 1, 2003 are not maintained in AudioCodes' live systems, AudioCodes

25            will advise Foundry of the temporal scope of responsive documents maintained in

26            such live systems.

27      e)    AudioCodes shall make a good-faith effort to determine whether the production of

28            hardcopy documents responsive to Request for Production Nos. 8 and 9 will subject

[PROPOSED] ORDER RE: FOUNDRY'S EMERGENCY MOTION TO COMPEL
DISCOVERY FROM AUDIOCODES
Case No. C 06-MC-80088-CRB (EDL)

1    AudioCodes to undue burden.  AudioCodes shall inform Foundry as soon as

2    reasonably practicable if production of such hardcopy documents will subject

3    AudioCodes to undue burden, and the parties will promptly meet and confer to

4    resolve any outstanding issues.

5    f)    AudioCodes shall undertake production on a rolling basis immediately, with

6    production to be substantially completed by May 19, 2006, to the extent reasonably

7    possible.

8    2.    Upon review of AudioCodes' document production, Foundry is not precluded from

9    moving the Court for an order compelling the inspection of source code for AudioCodes' gateways, if

10   Foundry believes in good faith that the evidence demonstrates that the source code is reasonably

11   accessible to AudioCodes in the ordinary course of its business.  Prior to any motion, Foundry and

12   AudioCodes shall meet-and-confer in a good-faith attempt to resolve the issue of inspection.

13   3.    AudioCodes shall undertake reasonable efforts to identify a witness to testify on behalf

14   of AudioCodes, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  AudioCodes will

15   make any such witness available for deposition in the San Francisco Bay Area, on a date to be agreed

16   to by the parties.  Foundry will propose a date for the deposition of AudioCodes' Rule 30(b)(6)

17   witness, as soon as possible after reviewing AudioCodes' production.

18

19       IT IS SO ORDERED.

20   Dated:  May 10, 2006

21

22                                 Elizabeth D. Laporte
                                   United States Magistrate Judge
23
     8343776
24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOWREY
LLP